# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ANNIE M. HESTER,

      Plaintiff,

*v*.                            CASE NO. 08-CV-14575

COMMISSIONER OF           DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,         MAGISTRATE JUDGE CHARLES E. BINDER

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.      RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**, as the court lacks subject matter jurisdiction over Plaintiff's claim by reason of *res judicata*.

**IT IS FURTHER RECOMMENDED** that Plaintiff be prohibited from filing future claims against the Defendant Commissioner without first obtaining leave of court.

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II.   REPORT

### A.   Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's motion to dismiss and for injunctive relief. (Doc. 10.) Plaintiff filed a *pro se* response and exhibits opposing the motion. (Doc. 12.) The motion is therefore ready for Report and Recommendation.

Plaintiff filed her first application for disability benefits on August 3, 1993, alleging that she had been disabled since May 10, 1993, due to leg, back and neck problems.[2] The application was denied at all administrative levels, including after a hearing before an administrative law judge. On December 5, 1996, the Appeals Council denied review.

In July 1997, Plaintiff filed a second application for disability benefits, again alleging disability since May 1993 due to back, neck and ankle problems. This application was again denied all administrative levels, including after a hearing before an administrative law judge. On February 5, 2001, the Appeals Council denied review. Plaintiff thereafter sought review of this unfavorable determination in this Court. (Case No. 01-CV-71352.) On March 28, 2002, United States District Judge Robert Cleland affirmed the findings of the Commissioner.

On April 29, 2002, Plaintiff filed another application for disability benefits, again alleging the same onset date as her previous applications. This application was denied at the initial administrative levels and an ALJ dismissed Plaintiff's request for hearing on the basis of administrative *res judicata.* On February 11, 2004, the Appeals Council denied Plaintiff's request

---

[2]This factual summary is based upon a review of the docket records and pleadings filed in this Court, as well as the Declaration of Earnest Baskerville, attached to the instant motion.

for review.  Plaintiff then filed her second action in this Court. (Case No. 04-CV-71153.)  On September 15, 2004, Judge Cleland again affirmed the findings of the Commissioner.

On October 29, 2004, Plaintiff filed another application for disability insurance benefits, again alleging the same onset date.  It was again dismissed on the basis of administrative *res judicata*.  The Commissioner represents that Plaintiff never sought review of this decision by the Appeals Council.  Instead, Plaintiff again filed suit in this Court.  (Case No. 08-CV-10113.)  The Commissioner moved to dismiss for lack of subject matter jurisdiction on the basis of administrative *res judicata*.  This motion was granted by Judge Cleland on August 29, 2008.

Plaintiff filed the instant case on October 28, 2008, and the Commissioner filed the instant motion on February 4, 2009.

### B.      Governing Law

Statutory law governing social security cases provides that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. . . ."  42 U.S.C. § 405(h).  As a result, a claimant's subsequent application for benefits may be barred by the doctrine of *res judicata*, where the Commissioner has made a final decision or determination on the claimant's rights to benefits based upon the same facts and issues.  20 C.F.R. § 404.957(c)(1).  The courts have consistently upheld the imposition of the doctrine of administrative *res judicata* in social security cases except under circumstances that implicate a colorable constitutional issue.  *See Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). In *Sanders*, the Court explained that

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the

"extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

*Sanders*, 430 U.S. at 109.

In this circuit, if a claimant does not appeal an adverse disability determination, nondisability as of the date of decision is established as a matter of *res judicata*. *Carver v. Sec'y of Health & Human Servs.*, 869 F.2d 289 (6th Cir. 1989); *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 871 n.2 (6th Cir. 1986); *Gibson v. Sec'y of Health & Human Servs.*, 678 F.2d 653, 654 (6th Cir. 1982). *See also Spaulding v. Comm'r of Soc. Sec.*, No. 08-5447, 2009 WL 361397 (6th Cir. Feb. 12, 2009). As explained by the Sixth Circuit in *Ingram v. Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to reopen previously adjudicated claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added). More recently, the court stated in *Drummond v. Commissioner of Social Security* that

> [a] decision concerning a claimant's eligibility for social security benefits is an "initial determination" under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative *res judicata*. *See Draper v. Sullivan*, 899 F.2d 1127, 1130 (11th Cir. 1990) (rejecting the Commissioner's argument that *res judicata* did not apply because the Social Security Administration was not acting in a judicial capacity and the parties did not have an opportunity to litigate the issues).

126 F.3d 837, 841 (6th Cir. 1997).

**C. Analysis and Conclusions**

4

After review of the documents filed in this case under the standards summarized above, I suggest that this Court lacks subject matter jurisdiction by operation of *res judicata*. Plaintiff's claims have been litigated multiple times, both before the Commissioner and before this Court. Plaintiff raises no colorable constitutional claims in either her response or the 532 pages of exhibits attached to her response. Instead, her arguments are aimed entirely at perceived defects in the previous administrative proceedings. Therefore, I suggest that *res judicata* requires the grant of the Commissioner's motion.

This is the fourth lawsuit filed by Plaintiff regarding her allegations of disabling impairments from and after May 1993, almost sixteen years ago. Plaintiff has been entirely unable to formulate any arguably colorable claims of unconstitutional action on the part of the Commissioner in any of these cases. As a result, I further suggest that the Court enter an order enjoining Plaintiff from filing any suit in this Court relating to social security disability claims without the prior permission of the Court.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier*

*Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ Charles E Binder
                                        CHARLES E. BINDER
Dated: April 21, 2009                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: Annie M. Hester, 64 Menlo Park, Bellville, MI 48111.

Date: April 21, 2009                    By      s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder