UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANNIE M. HESTER,

        Plaintiff,

                                                  Case Number 08-14575-BC
v.                                          Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING COMPLAINT FOR LACK OF JURISDICTION, BARRING PLAINTIFF FROM FILING ANY FURTHER LAWSUITS IN THIS DISTRICT AGAINST THE COMMISSIONER WITHOUT WRITTEN PERMISSION OF A JUDGE IN THIS DISTRICT, AND DIRECTING THE CLERK OF COURT TO RETAIN A COPY OF THIS ORDER AND ATTACH IT TO ANY SUBSEQUENT LAWSUIT FILED BY PLAINTIFF AGAINST THE COMMISSIONER</u>**

Plaintiff Annie M. Hester ("Plaintiff") filed the instant complaint [Dkt. # 1] against Defendant Commissioner of Social Security ("Commissioner") on October 28, 2008. Plaintiff has previously filed three actions against the Commissioner in the Eastern District of Michigan. *See Hester v. Comm'r of Soc. Sec.*, No. 01-71352 (filed Apr. 13, 2001); No. 04-71353 (filed Apr. 30, 2004); No. 08-10113 (filed Jan. 8, 2008). The instant action, in addition to the past three actions, arise out of the Commissioner's denial of disability benefits to Plaintiff. The instant action was referred to Magistrate Judge Charles E. Binder for determination of the non-dispositive issues, and for a report and recommendation.

On February 4, 2009, the Commissioner filed a motion to dismiss [Dkt. # 10], on the basis of res judicata as to the issue of subject matter jurisdiction. In the motion, the Commissioner also sought relief barring Plaintiff from filing further actions against the Commissioner without leave of


court. On April 21, 2009, the magistrate judge issued a report and recommendation, recommending that the Court grant the Commissioner's motion to dismiss and bar Plaintiff from filing further actions against the Commissioner without leave of court. The magistrate judge explained that the court has previously determined that it lacks subject matter jurisdiction over Plaintiff's claims because there was no final decision of the Commissioner to review. *See Hester*, No. 08-10113 (Aug. 29, 2008). Additionally, the magistrate judge concluded that Plaintiff has not raised any colorable constitutional claims.

On May 7, 2009, Plaintiff filed objections to the report and recommendation [Dkt. # 14]. However, Plaintiff's objections do not address the issues of res judicata, subject matter jurisdiction, the existence of any constitutional claims, or the recommendation to bar Plaintiff from filing further actions against the Commissioner without leave of court. Rather, Plaintiff restates the history of her case and various decisions of the Commissioner and the courts. Thus, there is no basis on which to reject any portion of the report and recommendation of the magistrate judge, and it will be adopted.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 13] is **ADOPTED**, and that Plaintiff's objections to the report and recommendation [Dkt. # 14] are **OVERRULED**.

It is further **ORDERED** that Defendant Commissioner of Social Security's motion to dismiss [Dkt. # 10] is **GRANTED**.

It is further **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED FOR LACK OF JURISDICTION**.

It Is further **ORDERED** that Plaintiff is **BARRED** from filing any further actions against the Commissioner of Social Security in this district unless she obtains the written permission of a judge of this district.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to retain a copy of this order and attach it to the file of any subsequent action filed by Plaintiff against the Commissioner of Social Security.

<div style="text-align:right">

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

</div>

Dated: September 2, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS